## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:08-CR-341-L |
| | § | |
| MATTHEW BAGERT (1) | § | |

## PLEA AGREEMENT

Matthew Bagert, Patrick McLain, the defendant's attorney, and the United States

of America (the government) agree as follows:

1. **Rights of the defendant**: Bagert understands that he has the rights:

   a.   to plead not guilty;

   b.   to have a trial by jury;

   c.   to have his guilt proven beyond a reasonable doubt;

   d.   to confront and cross-examine witnesses and to call witnesses in his defense; and

   e.   against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Bagert waives these rights and pleads

guilty to the offense alleged in Count Two of the indictment, charging a violation of 18

U.S.C. § 2252(a)(4)(B), that is, possession of child pornography. Bagert understands the

nature and elements of the crime to which he is pleading guilty, and agrees that the factual

resume he has signed is true and will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose include:

   a.   imprisonment for a period not to exceed 10 years;

Plea Agreement - Page 1

      b.     a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

      c.     a term of supervised release of any term of years to life, which may be mandatory under the law and will follow any term of imprisonment.  If Bagert violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

      d.     a mandatory special assessment of $100;

      e.     restitution to victims or to the community, which may be mandatory under the law, and which Bagert agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

      f.     costs of incarceration and supervision.

4.     **Court's sentencing discretion and role of the Guidelines**:   Bagert understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court, but are advisory only.  Bagert has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.  Bagert will not be allowed to withdraw his plea if his sentence is higher than expected.  Bagert fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.     **Mandatory special assessment**:   Prior to sentencing, Bagert agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**:   Upon demand, Bagert shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. **Government's agreement**:   The government will not bring any additional charges against Bagert based upon the conduct identified in the indictment and factual resume.   The government will dismiss, after sentencing, any remaining charges in the pending indictment.   The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Bagert or any property.

8. **Violation of agreement**: Bagert understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Bagert for all offenses of which it has knowledge.   In such event, Bagert waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Bagert also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.

10.     **Waiver of right to appeal or otherwise challenge sentence**: Bagert

waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from

his conviction and sentence.  He further waives his right to contest his conviction and

sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and

28 U.S.C. § 2255.  Bagert, however, reserves the rights (a) to bring a direct appeal of (i) a

sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at

sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c)

to bring a claim of ineffective assistance of counsel.

11.     **Representation of counsel**: Bagert has thoroughly reviewed all legal and

factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal

representation.  Bagert has received from his lawyer explanations satisfactory to him

concerning each paragraph of this plea agreement, each of his rights affected by this

agreement, and the alternatives available to him other than entering into this agreement.

Because he concedes that he is guilty, and after conferring with his lawyer, Bagert has

concluded that it is in his best interest to enter into this plea agreement and all its terms,

rather than to proceed to trial in this case.

12. **Entirety of agreement**: This document is a complete statement of the

parties' agreement and may not be modified unless the modification is in writing and

signed by all parties.

AGREED TO AND SIGNED this 16 day of March, 2009.

JAMES T. JACKS
Acting United States Attorney

MATTHEW BAGERT
Defendant

AISHA SALEEM
Assistant United States Attorney
Texas State Bar No. 00786218
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.767.2846
Email: Aisha.Saleem @usdoj.gov

PATRICK J MOLAIN
Attorney for Defendant
Texas State Bar No. 13737480
3131 McKinney Ave., Suite 800
Dallas, Texas 75204
Telephone: 214.740.9955
Facsimile: 214.740.9912

LINDA GROVES    2-10-9
Deputy Criminal Chief
Texas State Bar No. 08553100

Plea Agreement - Page 5

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

MATTHEW BAGERT

16 March 2009

Date

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

MATTHEW BAGERT
Defendant

16 March 2009

Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

PATRICK J. MCLAIN
Attorney for Defendant

16 March 2009

Date

Plea Agreement - Page 6